FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2026 SEP 28 P 4:41

**COREY M. KIMBALL, individually and as sole owner/assignee of trade secret and intellectual property rights derived from Canvy, LLC, KFO Family Office, and CVL Venture Labs, 5011 17th Ave NE, Seattle, WA 98105,**

Plaintiff,

v.

**JAMES "JAY" WALKER, 4902 Dorset Ave, Chevy Chase, MD 20815,**

**CSP ASSOCIATES, INC., 1100 Wilson Blvd #902, Arlington, VA 22209; and 55 Cambridge Pkwy, Cambridge, MA 02142,**

**DEEP WATER POINT & ASSOCIATES, LLC (f/k/a Deep Water Point, LLC & Wolf Den Associates, LLC), 1751 Pinnacle Dr, Suite 400, McLean, VA 22102,**

**RENOVUS CAPITAL PARTNERS, LLC, 1100 E. Hector St, Suite 410, Conshohocken, PA 19428,**

**OPEN DATA NATION, INC., 3921 Kansas Ave NW, Suite 304, Washington, DC 20011,**

Defendants.

CIVIL ACTION NO.: 1:26-CV-3201-LMB-LRV

DEMAND FOR JURY TRIAL

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
**(Defend Trade Secrets Act Misappropriation [18 U.S.C. § 1836] and Tortious Interference with Prospective Economic Advantage)**

Plaintiff COREY M. KIMBALL, proceeding pro se ("Plaintiff"), hereby files this Verified Complaint against Defendants JAMES "JAY" WALKER, CSP ASSOCIATES, INC., DEEP WATER POINT & ASSOCIATES, LLC, RENOVUS CAPITAL PARTNERS, LLC, and OPEN DATA NATION, INC. (collectively, "Defendants"), alleging as follows:

## I. NATURE OF THE ACTION

1. This is a civil action seeking immediate preliminary and permanent injunctive relief, alongside monetary damages, statutory multipliers, exemplary damages, and attorney's fees arising from Defendants' willful misappropriation of highly valuable trade secrets under the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 et seq., and intentional tortious interference with Plaintiff's prospective economic advantage and prospective business relations under Virginia common law.

2. As a direct and proximate result of Defendants' systemic unlawful conduct, Plaintiff sustained actual, non-speculative reliance losses of $120,000 in verified investor commitments and capital pipeline allocations, direct transactional expectancy losses of $111,000,000 in capital deployment projects, and enterprise pipeline losses evaluated up to $260,000,000.

## II. PARTIES

3. Plaintiff Corey M. Kimball ("Plaintiff") is an individual residing at 5011 17th Ave NE, Seattle, WA 98105. Plaintiff brings this action in his individual capacity as the founder, developer, inventor, lawful rightsholder, and absolute assignee of all trade secrets, software algorithms, AI defense architectures, pitch materials, and intellectual property assets derived from Canvy, LLC, KFO Family Office, and its operating division CVL Venture Labs—specifically including the proprietary AI defense architecture NEXUS, the Black Page platform, and the associated Vanguard pilot program. Plaintiff maintains individual standing pursuant to 28 U.S.C. § 1654.

4. Defendant James "Jay" Walker ("Walker") is an individual residing at 4902 Dorset Ave, Chevy Chase, MD 20815, who actively conducts corporate advisory, defense market brokering, and investment consulting within this Commonwealth. At all relevant times, Walker acted individually and as an authorized agent, representative, or joint-venturer of Defendants CSP Associates, Inc., Deep Water Point & Associates, LLC, Renovus Capital Partners, LLC, and Open Data Nation, Inc.

5. Defendant CSP Associates, Inc. ("CSP") is a corporate entity

maintaining operational offices at 1100 Wilson Blvd #902, Arlington, VA 22209 and principal corporate headquarters at 55 Cambridge Pkwy, Cambridge, MA 02142. CSP is jointly and severally liable for the acts of Defendant Walker conducted within the scope of their corporate advisory alignment.

6. Defendant Deep Water Point & Associates, LLC ("DWPA") (f/k/a Deep Water Point, LLC, having acquired and integrated Wolf Den Associates, LLC) is a limited liability company maintaining its principal office address at 1751 Pinnacle Dr, Suite 400, McLean, VA 22102. DWPA is jointly and severally liable for the acts of Defendant Walker conducted within the scope of their operational, M&A advisory, and strategic intelligence alignment.

7. Defendant Renovus Capital Partners, LLC ("Renovus") is a private equity firm maintaining its principal office address at 1100 E. Hector St, Suite 410, Conshohocken, PA 19428. Renovus is the controlling private equity sponsor, majority owner, and institutional parent of DWPA. Renovus exercised direct control, oversight, capital direction, and strategic governance over DWPA during the relevant period, actively orchestrating transaction structures and

M&A roll-ups, rendering Renovus directly and vicariously liable, jointly and severally, for the unlawful trade secret ingestion and interference committed by its portfolio entity and common agents.

8. Defendant Open Data Nation, Inc. ("ODN") is a corporate entity maintaining its principal corporate office at 3921 Kansas Ave NW, Suite 304, Washington, DC 20011, jointly and severally liable for the acts of Defendant Walker conducted within the scope of their shared data analytics alignment.

## III. JURISDICTION AND VENUE

9. Federal Question Jurisdiction: This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.

10. Supplemental Jurisdiction: This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

11. Venue: Venue is proper in the Alexandria Division of the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within

this judicial district, Defendant CSP Associates, Inc. maintains an operational corporate office in Arlington, Virginia, Defendant Deep Water Point & Associates, LLC maintains its primary corporate office in McLean, Virginia, Defendant Renovus Capital Partners, LLC actively manages, directs, and monetizes portfolio acquisitions in this Commonwealth, and Defendant James "Jay" Walker systematically conducts high-level corporate M&A advisory, capital brokerage, and defense consulting within this Commonwealth and judicial district.

## IV. STATEMENT OF FACTS

### A. Proprietary Intellectual Property Assets & Secrecy Measures

12. Prior to July 2025, Plaintiff independently conceived, authored, engineered, and maintained proprietary analytical tools, commercial structures, white papers, developmental codebases, and data frameworks, explicitly including:

a. NEXUS AI Defense Architecture: A proprietary artificial intelligence defense framework, white paper, project scope, and developmental codebase engineered under CVL Venture Labs (a venture division under KFO Family Office / Canvy, LLC) for real-time market disruption forecasting, defense intelligence processing, financial manipulation detection, and stealth data synthesis.

b. Black Page Platform Architecture: Advanced software system

architecture and valuation frameworks for geopolitical, financial, and strategic data intelligence processing.

c. The Vanguard Program Pilot: A specialized operational execution framework developed in 2026 to deploy NEXUS and associated portfolio technologies into commercial and defense intelligence sectors.

d. The 11-Page KFO Pitch Book & Capital Deployment Model: An 11-page proprietary pitch deck and institutional asset allocation structure detailing KFO Family Office trade secrets, a $111,000,000 capital deployment strategy, and an underlying $260,000,000 gross/net asset execution pipeline.

13. Canvy, LLC served as Plaintiff's initial registered corporate entity under which early commercial discussions and confidentiality agreements were established, prior to the formal LLC registration of KFO Family Office in late Q4 2025 / Q1 2026. Prior to the filing of this action, all rights, titles, interests, trade secrets, software assets, white papers, and accrued causes of action derived from or belonging to Canvy, LLC, KFO Family Office, and CVL Venture Labs were fully assigned and transferred to Plaintiff individually.

14. At all times, Plaintiff took reasonable and rigorous security measures to protect the secrecy of these trade secrets, including deploying passkey-protected repositories, encrypted cloud storage, restricted distribution, and extracting mandatory express confidentiality

commitments prior to any strategic disclosures.

15. These trade secrets derive independent economic value, actual and potential, from not being generally known to or readily ascertainable through proper means by commercial competitors, private equity sponsors, defense market brokers, or M&A advisory firms.

B. Unauthorized Telemetry Collection & Digital Pattern-of-Life Tracking

16. Beginning after initial introductions were established on or around July 14, 2025, and continuing through August 2026, Defendant Walker, operating individually and in corporate alignment with affiliated M&A advisors, technology platforms, DWPA, and Renovus, systematically subjected Plaintiff’s commercial and personal operations to unauthorized digital surveillance, telemetry collection, and communications monitoring.

17. Targeted Interception: Defendants specifically targeted, harvested, and monitored Plaintiff's real-time mobile communications, text messages, emails, active cloud workspaces, and developmental repositories.

18. Interception of NEXUS & Vanguard Operations: Through this persistent digital pattern-of-life interception, Defendants directly monitored and

extracted operational data regarding Plaintiff's ongoing development of the NEXUS AI defense architecture, the Black Page platform, and the deployment of the Vanguard pilot program executed between June 4, 2026, and late August 2026.

19. Through these independently unlawful digital interception tools and third-party monitoring channels, Defendants covertly harvested Plaintiff's proprietary business strategies, active investor solicitation targets, sales representative networks, and confidential deployment methodologies for the economic benefit of their private equity roll-up and consulting platform.

C. Breach of Confidentiality & Misappropriation Under Advisory Pretense

20. In July 2025, Defendant Walker solicited Plaintiff under the explicit representation that Walker and co-Defendants CSP, DWPA, Renovus, and ODN were acting as bona fide M&A advisors, corporate brokers, and capital-raising partners to evaluate an acquisition fund structure and strategic technology integration.

21. On July 22, 2025, Plaintiff formally transmitted a Non-Disclosure Agreement (NDA) to Defendant Walker.

22. During strategic evaluation conferences in July 2025, Defendant Walker requested deep operational details regarding Plaintiff's platform architecture, NEXUS AI defense concepts, and capital structures, explicitly promising and committing orally: "Everything discussed here is going to stay between us."

23. In direct reliance upon Defendant Walker's explicit oral duty of confidentiality and advisory posture, Plaintiff disclosed proprietary trade secrets, including the NEXUS framework white paper, the 11-page KFO Pitch Book structure, and the Black Page architecture.

24. Following these disclosures, Defendant Walker repeatedly solicited information regarding spot fund equity allocations while intentionally delaying the formal execution of the written NDA document.

25. Defendants, under the direction and for the financial benefit of Renovus and its portfolio entity DWPA, subsequently breached their express oral duty of confidentiality by ingesting, utilizing, and commercializing Plaintiff's proprietary trade secrets without authorization, license, or consideration.

D. Quantifiable Economic Expectancies & Tortious Interference

26. Between June 4, 2026, and late August 2026, Plaintiff actively executed high-level capital deployment and pilot implementation for the NEXUS AI defense platform and Black Page architecture via the Vanguard program pilot.

27. As a direct result of these operational efforts, Plaintiff established active investor commitments and capital pipeline allocations under Vanguard totaling $120,000, structured to advance the deployment of NEXUS and KFO Family Office portfolio assets.

28. Plaintiff was simultaneously executing an institutional transaction pipeline featuring a $111,000,000 capital deployment expectancy and a $260,000,000 gross/net asset pipeline.

29. Defendants possessed actual and constructive knowledge of Plaintiff's active investor solicitations, pilot deployment, and prospective economic expectancies via direct disclosures and persistent digital telemetry interception.

30. Utilizing stolen telemetry and misappropriated trade secrets, Defendants intentionally interfered with Plaintiff's active investor relationships, key pilot stakeholders, capital sources, and sales representative networks during the June 4, 2026 through August 2026 window.

31. Defendants' unauthorized ingestion of Plaintiff's technical

frameworks and targeted operational interference directly caused the breakdown of sales representative arrangements, destroyed the $120,000 Vanguard capital pipeline, collapsed transaction structures, and caused the complete breakdown of Plaintiff's $111,000,000 capital deployment pipeline.

## V. CLAIMS FOR RELIEF

### COUNT I
### MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT
### (18 U.S.C. § 1836 et seq. — Against All Defendants Jointly and Severally)

32. Plaintiff realleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff owns and maintains proprietary trade secrets—including the NEXUS AI Defense Architecture codebase, white paper, and project scope, the Black Page platform architecture, the Vanguard program pilot framework, and the $111M KFO Pitch Book—which derive independent economic value from not being generally known and are used in, or intended for use in, interstate commerce pursuant to 18 U.S.C. § 1836(b)(1).

34. Plaintiff took reasonable security measures under the circumstances to protect the secrecy of these trade secrets, including enforcing restricted digital storage, encrypted cloud repositories, and extracting express

oral confidentiality commitments prior to strategic disclosures.

35. Defendants misappropriated Plaintiff's trade secrets under 18 U.S.C. § 1839(5) by acquiring, using, ingesting, and disclosing them through improper means, including unauthorized digital telemetry collection, breaching express duties of trust, and obtaining technical assets under false pretenses of an M&A advisory relationship.

36. Defendants' misappropriation was willful and malicious.

37. As a direct and proximate result of Defendants' misappropriation, Plaintiff suffered actual, non-speculative economic damages in an amount no less than $111,120,000. Defendants and private equity sponsor Renovus have been unjustly enriched by acquiring proprietary intelligence assets without incurring development expenses.

38. Plaintiff is entitled to immediate injunctive relief under 18 U.S.C. § 1836(b)(3)(A), actual damages for economic loss or unjust enrichment under § 1836(b)(3)(B), exemplary damages up to two times the award of actual damages under § 1836(b)(3)(C) for willful and malicious misappropriation, and statutory attorneys' fees under § 1836(b)(3)(D).

COUNT II
TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
(Virginia Common Law – Against All Defendants

Jointly and Severally)

39. Plaintiff realleges and incorporates paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff possessed valid, concrete prospective business relationships and economic expectancies, including active investor commitments and capital pipeline allocations totaling $120,000 under the Vanguard pilot program and an active $111,000,000 deployment / $260,000,000 pipeline.

41. Defendants possessed actual and constructive knowledge of these prospective economic relationships, pilot deployments, and business expectancies.

42. Defendants intentionally interfered with these relationships through independently unlawful acts, including unauthorized telemetry harvesting and pattern-of-life tracking, breaching express oral confidentiality commitments, misrepresenting their advisory posture, and improperly utilizing Plaintiff's proprietary trade secrets.

43. But for Defendants' intentional interference, Plaintiff would have realized the economic benefits of the $120,000 Vanguard capital pipeline and executed the $111,000,000 capital deployment pipeline.

44. As a direct and proximate result of Defendants' interference,

Plaintiff suffered actual and consequential damages in an amount no less than

$111,120,000.

45. Defendants acted with actual malice and willful disregard for Plaintiff's legal rights, entitling Plaintiff to an award of punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment

in favor of Plaintiff and against Defendants James "Jay" Walker, CSP Associates, Inc., Deep Water Point & Associates, LLC, Renovus Capital Partners, LLC, and Open Data Nation, Inc., jointly and severally, as follows:

46. Preliminary and Permanent Injunctive Relief:

a. Enjoining Defendants, their officers, agents, and affiliated entities from using, disclosing, commercializing, or running telemetry against Plaintiff's NEXUS AI Defense Architecture, Black Page platform, Vanguard pilot framework, or KFO Pitch Book; and

b. Ordering a forensic audit of Defendants' digital storage devices, servers, and cloud environments to ensure the total purge and deletion of all misappropriated trade secret assets, accompanied by sworn compliance affidavits under penalty of perjury.

47. Monetary Damages:

a. Awarding Plaintiff compensatory, actual, and consequential damages according to proof at trial, but in an amount no less than $111,120,000;

b. Awarding statutory exemplary damages up to two times the compensatory award pursuant to 18 U.S.C. § 1836(b)(3)(C)

for Defendants' willful and malicious misappropriation; and

c. Awarding punitive damages under Virginia common law for intentional and malicious tortious interference.

48. Costs, Fees, and General Relief:

a. Awarding Plaintiff all costs of this action, pre-judgment and post-judgment interest at the maximum legal rate, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D); and

b. Granting such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States

of America that I am the Plaintiff in this action, that I have read the

foregoing Verified Complaint, and that the factual allegations contained

herein are true and correct to the best of my knowledge, information, and

belief.

Executed this 28th day of September, 2026 at Alexandria, Virginia.

Corey M. Kimball
PRO SE

PLAINTIFF SIGNATURE BLOCK & CERTIFICATE OF SERVICE

Respectfully submitted,

PLAINTIFF COREY M. KIMBALL, PRO SE

Corey M. Kimball
PRO SE
Individually and as sole owner/assignee of trade secret and intellectual property rights derived from Canvy, LLC, KFO Family Office, and CVL Venture Labs
5011 17th Ave NE
Seattle, WA 98105
Phone: (206) 807-1315
Email: CoreyMKimball@gmail.com

CERTIFICATE OF SERVICE

(To be completed upon issuance of summons and service by U.S. Marshals
/
Process Server)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

Corey M. Kimball, Individually and as Assignee
Plaintiff(s),

v.

Civil Action Number: 1:26-CV-3201

James "Jay" Walker, et al.
Defendant(s),

LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of Verified Complaint for Injunctive Relief and Damages
(Title of Document)

Corey M. Kimball
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: 9/28/26 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of ________________.
(Title of Document)

______________________
(Name of Attorney)

______________________
(Address of Attorney)

______________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

______________________
(Name of *Pro Se* Party (Print or Type)

______________________
Signature of *Pro Se* Party

Executed on: ______________________ (Date)